STATE ex rel. JAMES H. HOOVER v. HENRY C. BRASIE.[1]

November 17, 1905.

Nos. 14,455—(103).

**County Auditor—Mandamus.**

Under the provisions of chapter 208, p. 224, Laws 1899, amending section 1605 G. S. 1894, the county auditor is required to issue to the holder thereof a county warrant on the county treasurer for the amount of money paid in for the redemption of lands from a tax sale, upon the presentation to him of the certificate of tax sale, or the assignment thereof; and it is no defense, in a mandamus proceeding to compel the auditor to issue such warrant, that a preceding county auditor without authority issued a warrant for the same amount to the original purchaser at the tax sale, but who had duly assigned the tax certificate.

Appeal by defendant from an order of the district court for Wright county, Giddings, J., denying a motion for a new trial, after a trial

[1] Reported in 104 N. W. 962.

96 M.—14

and findings and order in favor of plaintiff, directing judgment for a peremptory writ of mandamus as prayed. Affirmed.

*W. H. Cutting,* for appellant.

*J. T. Alley,* for respondent.

LEWIS, J.

On May 3, 1898, certain premises were sold for the taxes of 1896, and the certificate of tax judgment sale executed and delivered to one W. H. Cochrane, who, on May 4, 1898, assigned the certificate to relator, James H. Hoover. In May, 1900, the owner redeemed the premises, paying into the county treasury the amount required. July 1, 1904, relator presented the certificate of tax sale to respondent, the county auditor, and demanded that a warrant on the county treasurer be issued to him for the amount paid in on redemption. The auditor refused to issue the warrant, and this action was brought in mandamus to compel him to do so. The auditor interposed the defense that on October 10, 1900, Cochrane made application to the then auditor of the county and received from him a warrant for the amount of money paid in for the redemption of the premises and had been paid the amount called for by it.

Chapter 208, p. 224, Laws 1899, amending section 1605, G. S. 1894, provides that upon the surrender of a certificate of sale, or the assignment of a state certificate of sale, the county auditor shall give such party his warrant upon the county treasurer for any money paid in for redemption. The act also provides that, in case a certificate of sale or the assignment thereof shall have been lost or destroyed, the county auditor shall require an affidavit to that effect before issuing a warrant for the money, and shall also require a bond in cases where the amount is in excess of five dollars.

The law is right to the point, and the duty of the auditor explicit. A warrant can only be issued in such a case upon the presentation of the certificate of sale, and the assignment thereof, if it has been assigned, and when such assignment is presented by the holder of the certificate, or his assignee, there is nothing for the auditor to do, except examine the papers and see whether they are genuine, and, if they are, it becomes his absolute duty to issue the warrant called for. Such examination does not amount to an exercise of a judicial or

quasi judicial function. It is no defense that a preceding auditor made a mistake and issued a warrant for the same amount of money to the original tax purchaser; it conclusively appearing that such act was without authority. The legal duty to comply with the law is not changed by the fact that the county treasury will suffer in the amount of money disbursed upon the warrant previously issued. Whatever remedy the county may have against the preceding auditor, or against the person to whom the tax warrant was issued, is immaterial to this inquiry.

Order affirmed.